APPLETON P. COLLINS, plaintiff in error, *vs.* JOSEPH CLAYTON, trustee, defendant in error.

1. Equity will not aid a defendant in actions at law as to matters of set-off and recoupment when his legal remedies are complete and adequate.

2. Though the actions are brought in a court whose jurisdiction is limited to amounts less than the aggregate sum set up by the defenses of set-off and recoupment, that does not affect the above principle when the several pleas are only of a sum which is less than the notes embraced in each of the pending suits.

3. If all the notes sued on be for one and the same consideration, the whole defense of recoupment may be made to one of the actions, and the plea of usury filed to another.

4. In this case it was not made sufficiently to appear that the aggregate amount of these defenses exceeded the sum of the notes included in each action, so as to authorize the injunction prayed for.

5. A vendor should not be enjoined from collecting the purchase money due, because there are judgments against a chartered bank in which he is a stockholder, and to which his property by the charter may be subject—when he swears, and there is nothing shown to the contrary—that he had bills of the bank before suit was brought against it, and now holds them, which, under the charter, are more than his liability under the judgments—that he has property in his possession liable to the judgments, even if they can be enforced against him, twenty times greater than his proportion of said indebtedness, and further, offers in his answer to give bond and security sufficient to protect his vendee against all loss.

Equity. Set-off. Recoupment. Jurisdiction. Pleadings. Usury. Vendor and purchaser. Judgments. Stockholders. Banks. Before Judge HILL. Bibb county. At Chambers. March 5th, 1875.

Collins vs. Clayton.

Appleton P. Collins instituted in the county court of Bibb county, four actions at law, returnable to the October term, 1874, of said court, against Joseph Clayton, as trustee for his wife and children, upon twenty-eight notes, three of said suits being each for the sum of $460 00, besides interest, and one being for the sum of $52 00, besides interest, all of which were given by Clayton, trustee, to Collins, in part of the consideration for the purchase of a lot of land in the city of Macon and the erection of a house thereon.

On the 3d day of October, 1874, the defendant in said cases, filed his bill against said Collins, alleging that he had entered into the contract aforesaid, with said Collins, had paid the $800 00 cash, as agreed upon, and also twenty-two of the fifty notes provided for in the bond for title, each for $52 00, and had spent upon the property the sum of $1,000 00, or other large sum, in improvements, and setting up as grounds for equitable relief:

1st. That the plastering in the house which said Collins agreed to build under the foregoing contract, had never been completed, to the damage of said Clayton, trustee, $300 00 or other large sum.

2d. That by reason of the well and well-house having been put in a different place from that intended, said complainant had been put to an expense of $30 00 in digging a new well and building a new well-house.

3d. That $100 00 damage had been caused to the property of complainant by reason of leakage of the roof of the house built under the agreement.

4th. That a door on the back piazza which would have cost from $10 00 to $20 00, had not been put in according to contract.

5th. That he had paid the sum of $400 00, or other large sum, as usurious interest upon said notes.

6th. That said Collins could not give a clear and unincumbered title to said property, because there were judgments in Bibb superior court for the sum of $15,000 00, or other large

sum, in favor of W. L. Ellis & Brother, and others, which operated as a lien upon the property of said Collins.

The prayer of the bill was for an injunction against the proceeding of said common law suits, for a reduction of the debt by the amount which complainant had been injured by reason of defendant's non-compliance with his contract and by the amount of usurious interest paid, and in case of failure to remove the alleged incumbrance, an account of the sums paid to defendant by complainant, and a decree for such amounts.

Defendant demurred to all of said bill except that part as to the incumbrance on the property, upon the ground that the remedy at law was complete, and also filed an answer, the material parts of which were as follows.

1st. He admitted that the plastering had been left unfinished, but said it had been done by consent; that he had always been, and still was, ready to complete it when called upon, and that the cost of finishing it would not be more than $100 00. Upon this point he filed the affidavit of Primus Moore, the plasterer who had done the other work in the house, averring his willingness to finish it for $100 00.

2d. That the well and well-house had been put in the place agreed upon between him and complainant. In support of this, he filed the affidavits of Jim Stanford and Austin Brathaupt, stating that Clayton had been present when the well was dug, and consented.

3d. That the house had been fully completed, in a good and workmanlike manner, and in every respect according to contract, and had been fully accepted by said Clayton; that he had never complained in any way until he filed his bill, but, on the contrary, expressed full satisfaction at the manner in which the work was done. Upon this point he filed affidavit of C. C. Wilder, who superintended the building, stating that the contract had been fully complied with, and that Clayton had been satisfied with it. Also, affidavit of G. J. Blake, that in 1874 Clayton had tried to borrow money from

him to pay Collins, and had not complained of any non-compliance on Collins' part.

4th. Defendant denied that complainant had ever paid him more than $40 00 of illegal or usurious interest, and alleged that he had made advances for him in the payment of insurance and taxes, the interest of which would fully set off all extra interest ever paid.

5th. Defendant denied that there was any judgment against him which operated as a lien upon the property sold by him to defendant; he admitted that he was a stockholder of the Manufacturers' Bank of Macon, against which there were judgments, but denied that they were liens upon his property. He averred that the proportion of stock held by him bore only such proportion to the whole capital stock of the bank as would make him liable for the sum of $700 00, if liable at all, which he denied. He alleged that he was the *bona fide* owner of $3,000 00 of the bills of said bank, which he held and owned before any suits were commenced against it, and which amount was largely more than enough to protect him from any liability as a stockholder; that he was in possession, either by himself or his tenants, of real estate in the city of Macon of the value of at least $15,000 00, all of which was liable to any judgment, if judgment there was, against him. He further offered to give any bond, with good and sufficient security, which the judge presiding might deem necessary for complainant's protection.

Complainant amended his bill by setting out a memorandum of seven judgments against the Manufacturers' Bank, amounting in all to about $15,000 00, as to one of which (that of W. L. Ellis & Brother, for about $8,000 00, principal;) it was alleged that notice had been given to the stockholders, as provided by section 3371 of the Code. This was supported by affidavit of W. B. Hill, and was not controverted. No allegation as to notice in the other cases was made. The amendment further charged that complainant had tried to borrow money of the City Building and Loan Association upon said property, and that the counsel of said

association had declined to advise the loan on account of the judgments against the Manufacturers' Bank. Upon hearing the case, Judge Hill granted the injunction, and the defendant excepted.

WHITTLE & GUSTIN, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, by brief, for defendant.

TRIPPE, Judge.

1. As to the matters of recoupment to which complainant alleges he is entitled by way of deduction from defendant's claim on him, and the usury of which he complains, his legal remedies are complete and adequate. Where this is so, equity will not interfere: Code, sections 3095, 3210.

2. It is replied to this that the county court of Bibb is a court of limited jurisdiction, and complainant's remedy will not be complete and effectual in that court. We take it that this means the whole matters of defense in the aggregate exceed the jurisdiction of the county court. Let us see how this is. The jurisdiction of that court extends to suits for $500 00. Collins sued Clayton in several actions, three being for $468 00 each. The defense of recoupment, all included, is only for $450 00. This is all that is claimed in his bill, and no difficulty could arise as to the jurisdiction of the court on that question, for the deduction claimed is less than the amount sued for in one action. The same may be said of the defense of usury. That is limited to $300 00. And all this is on the basis of complainant's allegations unaffected by the denial of defendant and his supplementary affidavits. There could, then, be no difficulty in setting up the plea of recoupment to one action and usury to another, leaving two actions untouched by any defense of that sort.

3. For if all the notes sued on be for one and the same consideration, the whole defense of recoupment may be made

to one action, and the plea of usury, or rather of set off by reason of usury paid, filed to the other.

4. It may further be said that it did not sufficiently appear that the aggregate amount of both these defenses exceeded the sum of the notes included in each of three of the actions at law to authorize the injunction. The statements in the bill do make it greater, but they were positively denied by defendant, and that denial strongly supported by the affidavits of third persons.

5. Should the injunction have been granted on the other ground? Complainant charged that Collins was a stockholder in the Manufacturers' Bank; that there were judgments against the corporation to the amount of $15,000 00, which were a lien on his property, and that Collins could not make an unincumbered title. He does not state what amount of stock Collins owned or what his proportion of the liability on said judgments was. It is hardly possible he could be liable for the whole amount. Collins answered that the amount of stock he held could only make his liability on the judgments $700 00; that before the actions were brought on which the judgments were obtained, he held, and now holds, bills of the bank to the amount of $3,000 00; that he has in possession real estate in the city of Macon, by himself or tenants, of the value at least of $15,000 00, all of which was liable to these judgments if they could be enforced against him; and he further offered to give such bond and security as the chancellor might deem necessary for complainant's protection. Under these facts, the injunction should not have been granted. Clayton was in possession of the property, and there could be nothing more than a remote possibility that his possession would ever be disturbed. How long would such an injunction continue? It could not be claimed that it should be made perpetual upon a final hearing upon this state of facts. When it could be judicially ascertained that the judgment creditors of the bank could not proceed against Collins, was a time in the indefinite future. It does not appear that they had moved or intended to move against him.

When he offered to secure his vendee against loss, or against the judgments, it was all that under the circumstances should have been required of him.

Judgment reversed.